**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>    Plaintiff - Appellant,<br><br>  And<br><br>RAYMOND AMADEO; et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>STEPHEN MAYBERG, Director,<br>California Mental Health Department; et al.,<br><br>    Defendants - Appellees. | No. 12-17121<br><br>D.C. No. 1:06-cv-01801-BLW-LMB<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| WAYNE P. DEBERRY,<br><br>    Plaintiff - Appellant,<br><br>  And<br><br>GEORGE N. ALLEN; et al.,<br><br>    Plaintiffs, | No. 12-17124<br><br>D.C. No. 1:06-cv-01801-BLW-LMB |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

STEPHEN MAYBERG, Director,
California Mental Health Department; et
al.,

Defendants - Appellees.

GEORGE N. ALLEN; et al.,

Plaintiffs - Appellants,

v.

STEPHEN MAYBERG, Director,
California Mental Health Department; et
al.,

Defendants - Appellees.

No. 13-16250

D.C. No. 1:06-cv-01801-BLW-LMB

Appeal from the United States District Court
for the Eastern District of California
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 7, 2014
Pasadena, California

Before: BRIGHT,[**] FARRIS, and HURWITZ, Circuit Judges.

---

[**]     The Honorable Myron H. Bright, Senior Circuit Judge for the U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

George N. Allen, Wayne P. DeBerry, Darryell Frazier, and Jackie Robinson appeal from the district court's sua sponte dismissal of their complaints alleging that Title 9, Section 4350 of the California Code of Regulations, which bans civilly committed persons from possessing electronic devices capable of connecting to a wired and/or wireless communications network or capable of being modified for such connection, violates their constitutional rights. The district court denied appellants' motion for a preliminary injunction and dismissed their claims pursuant to 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that appellants sufficiently pleaded a confinement claim under the Fourteenth Amendment but failed to state other claims, we affirm in part, reverse in part, and remand.

## I. Background

Appellants are sexually violent predators (SVPs) civilly committed to Coalinga State Hospital ("CSH") under California's Sexually Violent Predator Act.[1] *See* Cal. Welf. & Inst. Code. § 6600 *et seq*.

Prior to 2009, CSH allowed patients to possess personal computers, but prohibited hardware, accessories, software, or other media that allowed

---

[1]An SVP is an individual previously "convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code. § 6600(a)(1).

communication with other individuals by computer or electronic device via any form of wired or wireless capability. The policy also prohibited games, movies, or electronic images that depicted overt sexual acts or violence with adults and children. CSH instituted a similar policy in October 2006 for all electronic devices. In October 2009, however, the California Department of Mental Health promulgated a regulation banning patient use of personal computers and electronic devices with wireless capabilities and effectively declaring items already in patients' possession to be contraband. Cal. Code. Regs. tit. 9, § 4350 (2010). The regulation, which became final in 2010, provides:

> Electronic devices with the capability to connect to a wired (for example, Ethernet, Plain Old Telephone Service (POTS), Fiber Optic) and/or a wireless (for example, Bluetooth, Cellular, Wi-Fi [802.11a/b/g/n], WiMAX) communications network to send and/or receive information are prohibited, including devices without native capabilities that can be modified for network communication. The modification may or may not be supported by the product vendor and may be a hardware and/or software configuration change. Some examples of the prohibited devices include desktop computers, laptop computers, cellular phones, electronic gaming devices, personal digital assistant (PDA), graphing calculators, and radios (satellite, shortwave, CB and GPS).

*Id.* (hereinafter "Section 4350").

Before the promulgating of Section 4350, several patients, including appellants, had filed suits against hospital officials (collectively "defendants") challenging conditions of their civil confinements and alleging that various CSH

policies and procedures violated their constitutional rights. After Section 4350 was adopted, the appellants amended their complaints to attack its constitutionality. The district court consolidated the cases, and appointed stand-by counsel.

Plaintiffs then filed a motion for a preliminary injunction, which the district court denied. Pursuant to 28 U.S.C. § 1915(e)(2), the district court then sua sponte dismissed appellants' claims concerning Section 4350.

The district court entered judgments under Rule 54(b). Appellants subsequently filed notices of appeal on the merits. This court consolidated the appeals and appointed counsel.

Because the district court issued judgments under Rule 54(b) dismissing appellant's constitutional claims, the appeals from the denial of injunctive relief are moot, having merged with their appeals on the merits. *See Teamsters Joint Council No. 42 v. Int'l Bhd. of Teamsters, AFL-CIO*, 82 F.3d 303, 307 (9th Cir. 1996).

## II. Discussion

### A. Standard of Review

Section 1915(e)(2) allows the sua sponte dismissal of claims filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The order identified failure to state a claim upon

which relief can be granted as the basis for its sua sponte order of dismissal. No notice was given to the parties.

This court reviews de novo a district court's dismissal of claims under 28 U.S.C. § 1915(e). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because appellants drafted their own complaints, we construe their pleadings "'liberally'" and afford them "'the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## B. Merits

Appellants argue they have plausibly raised three claims that Section 4350 infringes upon their Constitutional rights.

### 1. Confinement Claim

Appellants first argue that Section 4350 is excessively punitive in light of the defendants' purpose and could be accomplished through less-restrictive means.

"[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released." *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)). "Because the purpose of confinement is not punitive, the state must also provide the civilly-committed with 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)). Thus, civilly detained individuals have a substantive due process right to be free from restrictions that amount to punishment. *United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, restrictions that have a legitimate, non-punitive government purpose and that do not appear excessive in relation to that purpose are permissible. *Bell*, 441 U.S. at 535, 539; *Salerno*, 481 U.S. at 747. "A reasonable relationship between the governmental interest and the challenged restriction does not require an 'exact fit . . . .'" *Valdez v. Rosenbaum*, 302 F.3d 1039, 1046 (9th Cir. 2002) (quoting *Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc)).

Here, appellants have alleged sufficient facts to plausibly claim that Section 4350 is punitive. Robinson's third amended complaint alleges that defendants confiscated his electronic devices without justification. Frazier's complaint alleges that neither his laptop computer nor his Play Station Portable game system can access the internet and confiscation of them violates his due process rights. Frazier's complaint also states that patients had laptop computers for more than three years without problems and identified alternative methods for CSH to ensure that patients do not illicitly use electronic devices. Allen and DeBerry make similar allegations and contend that defendants confiscated all electronic devices instead of prosecuting patients who violated procedures in place.

In light of these allegations, appellants stated a plausible condition of confinement claim and the district court erred in dismissing that claim. It may well be that the defendants can provide reasonable justifications for Section 4350's ban on the relevant devices. But, at the pleading stage, given the allegations in the complaints, the district court should have not have dismissed the confinement claims sua sponte.

## 2. Right to Treatment Claim

Appellants also allege that Section 4350 undermines their mental health treatment. Due process "requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured

and released." *Sharp*, 233 F.3d at 1172 (citing *Ohlinger*, 652 F.2d at 778). "In determining whether the State has met its obligations in these respects, decisions made by the appropriate professional are entitled to a presumption of correctness." *Youngberg*, 457 U.S. at 324. "States enjoy wide latitude in developing treatment regimens" for SVPs. *Kansas v. Hendricks*, 521 U.S. 346, 368 n.4 (1997) (citing *Youngberg*, 457 U.S. at 317).

Appellants' complaints do not allege that their treatment requires using laptops or electronic devices or even the necessity of such devices. Nor do appellants allege that Section 4350 falls outside "the exercise of professional judgment" that is "entitled to a presumption of correctness." *Youngberg*, 457 U.S. at 322, 324. Accordingly, the district court did not err in dismissing this claim.

### 3. First Amendment Claim

Finally, appellants argue that Section 4350 violates the First Amendment. Appellants do not argue that Section 4350 limits their access to information, but argue for the first time on appeal that video games qualify for First Amendment protection under *Brown v. Entertainment Merchants Ass'n*, 131 S. Ct. 2729 (2011). We decline to address this untimely argument. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Thus, the district court did not err by dismissing this claim.

### III. Conclusion

For the reasons above, we **AFFIRM IN PART, REVERSE IN PART, AND REMAND** to the district court consistent with this disposition.[2] Each party shall bear its own costs.

---

[2]Because we rely entirely on the allegations in the plaintiffs' complaints, Defendants' motion to strike portions of appellants' excerpts of record and references in appellants' brief relying on such information is denied as moot. For the same reasons, we also deny appellants' motion to take judicial notice of Napa State Hospital's electronic regulation policy.